Dear Mayor Tallo:
Your request for an Attorney General's opinion regarding the powers of the Hammond City Council President has been assigned to me for research and reply. You proposed the following question for our opinion:
 Whether the City Council may, by ordinance or resolution, assign to the Council President powers beyond those specifically assigned in the charter?
In Attorney General Opinion No. 92-703, regarding the issue of whether a city councilman could exercise any authority concerning the day-to-day administration of a municipality, we stated:
 The City of Abbeville is allocated certain corporate powers enumerated in Section 3 of the Charter. The Charter contemplates that these powers are to be exercised by the city council as a body. No where in the Charter is an individual councilman allowed to unilaterally act on behalf of the municipality in either a legislative or administrative capacity.
In Attorney General Opinion No. 83-336, regarding the issue of a city council delegating it's authority to appoint an advisory board, we quoted McQuillin in The Law of Municipal Corporations, 3rd Edition, as follows:
 The legal conception early obtained that the powers possessed by public and municipal officers must be viewed as public trusts, not conferred upon individual members for their own emolument, but for the benefit of the community over which they preside. Therefore, the principle is fundamental and of universal application that public powers conferred upon a municipal corporation and its officers and agents cannot be delegated to others, unless so authorized by the legislature or charter . . .
 * * *
 Usually a power conferred without limitation upon the municipal corporation may be exercised by the common council or legislative body as the general agent of the corporation, and by no other authority. A fortiori, power conferred upon the council or legislative body in express terms cannot be delegated otherwise than in accordance with the express of terms . . .
 * * *
 Unless authorized by statute or charter, a municipal corporation, in its public character as an agent of the state, cannot surrender, by contract or otherwise any of its legislative and governmental functions and powers, including a partial surrender of such powers.
As you have pointed out, the home rule charter specifically assigns the following powers to the president of the council: 1) calling meetings of the council; 2) presiding over meetings of the council; and 3) signing ordinances. [Charter, City of Hammond, Sections 2-09, 2-12 and 2-13] The charter provides for a mayor-council form of government, consisting of an elected council that "shall constitute the legislative branch of the government". [Section 1-03] Section 2-01 provides for the legislative power of the city to be vested in a council consisting of five (5) members. "An act of the council having the force of law shall be by ordinance." [Sec. 2-10] This provision of the charter specifies which acts of the council require an ordinance, such as the adoption of an administrative code, levy of taxes, etc.
With regard to the executive branch, the charter provides for the mayor to be the chief executive officer of the city with administrative authority over all departments, offices and agencies of the city, unless the charter provides otherwise. [Sec. 3-01] The charter provides for many department heads to be appointed by the mayor, subject to confirmation by the council. [Sections 4-02, 4-03, 4-06, 4-07, 4-08, 4-09]
No where in the charter did we find authority for the president of the council to act alone, except in the specific instances of 1) calling special meetings of the council [Sec. 2-09], 2) presiding over meetings of the council [Sec. 2-09], and 3) signing ordinances and emergency ordinances [Sec. 2-12, 2-13]. Thus, it is our opinion that the council can not delegate any of its legislative functions to the president of the council, unless specifically authorized to do so by the charter. We found no such authorization in the home rule charter for the City of Hammond.
If we can be of further assistance in the future, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;jv